160

WILLIAM F. CLEGHORN, Appellant, v. JONATHON P. GOLDSMITH and WACKENHUT SERVICES, INC., a Florida Corporation, Respondents.

No. 7636

March 17, 1975                    532 P.2d 609

*Johns & Johns,* of Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

William Cleghorn was a ten-year employee of Wackenhut Services, Inc., a subcontractor for the Atomic Energy Commission. While working at his duties as Security Inspector he

was fired for striking a fellow employee with his pistol during an altercation. A hearing before a grievance arbitrator provided by the existing union contract resulted in his reinstatement. However, he was denied permission to carry a firearm until and unless he took and passed a psychiatric examination. Eventually he was fully reinstated after the evaluation but he brought this lawsuit alleging that the respondents through their agents and employees conspired to terminate his employment, impair his professional reputation and generally defame him.

The trial court granted an NRCP 12(b) motion to dismiss on the ground that Wackenhut Services, Inc., as an agency or contractor of the federal government functioning in security areas was immune from prosecution. Cleghorn appeals.

The employer company's representatives had good and sufficient reason to be apprehensive of Cleghorn's emotional stability. The fight with the co-employee was one of a series of incidents in his background that caused the employer to look with askance at his continued employment in the sensitive area at the Nevada Test Site. Correspondence exchanged between the company and the representatives of the Atomic Energy Commission operation concerning him was consistent with their proper concern over security.

Absolute immunity exists in an organization that is contracted to provide security services for the government, the same as afforded the government itself. The trial court founded its order of dismissal upon Becker v. Philco Corporation, 372 F.2d 771 (4th Cir. 1967), cert. denied, 389 U.S. 979 (1967), and we agree.

Affirmed.